UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| GAYLE LACHOWICZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-00954 |
| GREAT LAKES SPECIALTY FINANCE, INC., d/b/a CHECK 'N GO, d/b/a AXCESS FINANCIAL, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes GAYLE LACHOWICZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GREAT LAKES SPECIALTY FINANCE, INC., d/b/a CHECK 'N GO, d/b/a AXCESS FINANCIAL ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing in Watertown, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "customer" as defined by §421.301(17) of the WCA.

6. Defendant is a payday lending institution organized under the laws of the state of Ohio with its principal place of business located at 7755 Montgomery Road, Suite 400, Cincinnati, Ohio.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately February 2018, Plaintiff began receiving phone calls from Defendant to her cellular phone, (920) XXX-6679.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6679. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant uses several different phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (608) 713-0699, (608) 466-1574, and (920) 261-2222.

12. Upon information and belief, the above phone numbers are regularly utilized by Defendant during its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before she is connected to a live representative.

14. Upon speaking with Defendant, Plaintiff is informed that it seeking to collect on past due payments from a payday loan ("subject debt") which was extended to Plaintiff by Defendant.

15. Plaintiff lost her job in early 2018 which resulted in her falling behind on her payments to Defendant.

16. Plaintiff attempted to explain her financial hardship to Defendant, yet Defendant continued placing incessant phone calls to Plaintiff's cellular phone seeking to collect payments which Plaintiff could not make.

17. Frustrated by the nature of Defendant's collection efforts, Plaintiff demanded that Defendant stop calling her cellular phone.

18. Despite Plaintiff's demands, Defendant has continued calling Plaintiff's cellular phone up until the filing of the instant action.

19. Defendant has called Plaintiff not less than 25 phone calls to Plaintiff's cellular phone since she demanded it stop.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular

3

phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to the Defendant by virtue of incurring the subject debt was specifically revoked by Plaintiff's demands that it cease contacting her.

27. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, GAYLE LACHOWICZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

31. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to repeatedly contact Plaintiff through means of an automatic system after she notified Defendant to cease calling. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers even after those consumers have demanded that such collection calls stop, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

5

32. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

33. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

34. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after she told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

35. As plead in paragraphs 19 through 22, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

36. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting her, yet she was still bombarded with collection phone calls from Defendant. The phone calls and conduct engaged in by Defendant were an attempt to harass Plaintiff into submission and to ultimately maximize its profits. After Plaintiff told Defendant to stop calling, Defendant had more than enough information to know that it should not continue calling her phone. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of a debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, GAYLE LACHOWICZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 22, 2018                                       Respectfully submitted,

s/ Nathan C. Volheim                                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin              Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200                         2500 South Highland Ave, Suite
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   thatz@sulaimanlaw.com